SCHUMAN *v.* WILSON.

4-8902                                          222 S. W. 2d 798

Opinion delivered June 27, 1949.

Rehearing denied October 3, 1949.

Wm. J. Kirby, for appellant.

M. A. Matlock, for appellee.

GRIFFIN SMITH, Chief Justice. January 2, 1947, Florence Schuman purchased from the State Land Commissioner the south 45 feet of Lots 7 and 8, Block 16, Bowman's Addition to Little Rock. The property forfeited for 1943 taxes, penalty and cost, under an assessment of $560. As certified to the State the amount due was $30.61. In addition to the 1943 item, the purchaser paid taxes for three additional years.

In April, 1947, W. P. Wilson, as record owner, brought an action to cancel the Commissioner's deed, the general allegations being that, in the absence of confirmation, it was voidable because of irregularities. These contentions were upheld in a decree quieting title in Wilson insofar as title was affected by the State deed. Mrs. Schuman has appealed.

Wilson acquired the property August 7, 1942, through quitclaim deed from Little Rock Investment Company. Taxes for 1942 were not paid, and when forfeiture occurred the State purchased. The lots were included with other tracts redeemed February 3, 1944, as shown by the treasurer's receipt. When Wilson dealt with the County Clerk January 28 and procured a redemption certificate and treasurer's receipt form listing forfeitures in which he was interested, the 1943 tax books had been certified to the Collector and did not include the property in question. However, Wilson testified that at that time he added to his payment an amount equal to the first installment on these lots for 1943, although the tax books were not available and time for payment did not accrue until the third Monday in February.

Section 13868 of Pope's Digest, Ark. Stats. 84-1210, permits redemption within two years by payment of cost

and penalty, "and the taxes which would have accrued thereon if such land or lot had been continued on the tax books".

It thus appears that the Clerk's certificate should have included taxes for 1943. Instead, when the tax books were sent to the Collector, the Clerk listed the property forfeited. A red ink entry by the Collector based upon what was termed a Clerk's warrant showed a valuation of $560 and taxes of $27.33.

This practice of assessing is attacked by appellee, who thinks the warrant system—not sanctioned by law— is such a material variation from the statutes as to invalidate the sale. It is not necessary to pass upon this phase of the controversy. In her brief appellant says: "*Wilson paid the first installment of the 1943 taxes on this property and then allowed it to forfeit for the balance*". The Land Commissioner's records show that the lots were sold for a State tax of $22.29, and County tax of $5.04, or $27.33. Credit should have been given for the first installment of one-fourth. Since the sale was for $6.83 more than the unpaid tax, the Land Commissioner's deed was properly set aside.

Affirmed.